NO. 07-03-0360-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 11, 2004

_____

STATE OFFICE OF RISK MANAGEMENT
(A SELF-INSURED GOVERNMENTAL ENTITY), APPELLANT

V.

DEBORAH LEDBETTER, APPELLEE
_____

FROM THE 58TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. A166492; HONORABLE JAMES MEHAFFY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

The State Office of Risk Management brings this appeal challenging a summary judgment in favor of Deborah Ledbetter reversing the denial of her workers' compensation claim by an appeals panel of the Texas Workers' Compensation Commission in December 2001. Agreeing with both parties that reversal is required, we will do so.

The only brief filed in the appeal is entitled "Joint Brief and Agreed Motion to Remand." In it the parties assert the trial court erred in reviewing the appeals panel decision under the substantial evidence standard pursuant to Section 410.255 of the Labor Code rather than the modified de novo standard set out in Section 410.301 of that code. Tex. Labor Code Ann. § 410.255, .301 (Vernon 1996).

The record shows appellee was an employee at Lamar University. In August 2000 she brought a workers compensation claim asserting she was suffering from the effects of "sick building syndrome," specifically that she was injured by exposure to mold in her workplace. The claim was denied after a contested case hearing and appellee appealed that decision to an appeals panel of the Workers' Compensation Commission. The appeals panel's decision noted the question of whether an injury has occurred is one of fact and reviewed the hearing officer's decision under the factual sufficiency standard. The appeals panel denied appellee's claim in December 2001.

Appellee filed her original petition in district court in January 2002. Both parties filed motions for summary judgment in March 2003. Appellant's motion was a no-evidence motion pursuant to Rule of Civil Procedure 166a(i) asserting there was no evidence of a causal connection between appellee's conditions and her employment. Appellee's motion asserted the court was limited to performing a substantial evidence review of the administrative record from the appeals panel proceeding. The trial court denied appellant's motion, granted appellee's motion, and rendered final summary judgment for her on April 22, 2003.

Appellant filed a motion for new trial May 27, 2003,[1] arguing appellee failed to establish her claim and the trial court erred in denying its motion for summary judgment. The parties' brief asserts appellant first challenged the court's use of the substantial evidence standard at a June 18 hearing on its motion for new trial. In response to a request for additional briefing on the issue, appellee's counsel sent a letter dated June 24, 2003 conceding the court applied the wrong standard and stating an expectation the court would grant appellant's motion for new trial.[2]

No order granting new trial was signed and appellant perfected this appeal. Our review of the record convinces us reversal is required.

It is undisputed the core issue of this litigation is the compensability of appellee's injuries. In *Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504 (Tex. 1995), the court held trial of such issues is governed by Section 410.301 of the Labor Code. 893 S.W.2d at 528. Finding the holding in *Garcia* dispositive, we reverse the judgment of the trial court and remand to that court for further proceedings consistent with this opinion.

James T. Campbell
Justice

---

[1] This motion was timely because it was mailed on May 22, 2003 and received within 10 days. *See* Tex. R. Civ. P. 5; 329b(a).

[2] This letter is not a part of the record in this appeal but a copy has been attached to the parties' brief.